# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

No. 14-154V

Filed: October 25, 2016

* * * * * * * * * * * * * * * * * * * * * * * * *
LYDIA MCSHERRY by her parents, GENE *
MCSHERRY and KARI MCSHERRY,    *
as Legal Guardians,                      *         **UNPUBLISHED**
                                       *
                                     *         Special Master Hamilton-Fieldman
               Petitioners,      *
                                     *
v.                                    *         Attorneys' Fees and Costs;
                                   *         Reasonable Amount Requested
SECRETARY OF HEALTH      *         to which Respondent Does Not
AND HUMAN SERVICES,      *         Object.
                                   *
                Respondent.    *
* * * * * * * * * * * * * * * * * * * * * * * * *

Mark L. Krueger, Krueger & Hernandez, S.C., Baraboo, WI, for Petitioners.
Debra A. Filteau Begley, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

      On February 27, 2014, Gene McSherry and Kari McSherry ("Petitioners") petitioned for compensation on behalf of Lydia McSherry under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioners alleged that the administration of human papillomavirus ("HPV") vaccines on March 28, 2007, June 13, 2007, and September 10, 2008 caused her to develop premature ovarian failure. Petition at Preamble, filed Feb. 27, 2014. On

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the purposes espoused in the E-Government Act of 2002. See 44 U.S.C. § 3501 (2012). Each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

May 9, 2016, a decision dismissing this case was issued, as the claim was time-barred by the Act's statute of limitations.

On October 13, 2016, Petitioner filed an application for attorneys' fees and costs. Petitioner requested compensation in the amount of $13,386.41 for attorneys' fees and costs, of which none were personally incurred by Petitioner.  Petitioner's Application at 4, filed Oct. 13, 2016.  "Respondent does not object to the overall amount sought, as it is not an unreasonable amount to have been incurred for proceedings in this case to date."  Response at 1, filed Oct. 25, 2016.  Respondent noted that her lack of objection should not be construed as an admission, concession, or waiver as to the hourly rates requested, the number of hours billed, or the other litigation related costs.  *Id.*

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned finds that Petitioner's request for fees and costs is reasonable.  **Accordingly, the undersigned hereby awards the amount of $13,386.41, in the form of a check made payable jointly to Petitioners and Petitioners' counsel, Mark L. Krueger, of Krueger & Hernandez, S.C.**  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[2]

**IT IS SO ORDERED.**

/s/Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master

---

[2] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  Vaccine Rule 11(a).